# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                               **CASE NO: 6:17-cr-137-Orl-37KRS**

**WILLIAM B. PRINGLE, III**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**     **DEFENDANT WILLIAM B. PRINGLE'S MOTION TO DISMISS INDICTMENT, OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS (Doc. No. 21)**
>
> **FILED:**     **July 31, 2017**

## I. BACKGROUND.

On June 14, 2017, a federal grand jury returned an Indictment against William B. Pringle, III. In a single count, Pringle is alleged to have committed the crime of tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2 for the tax years from 2002 to 2010. The Indictment alleges that on January 26, 2011, the IRS served two levies on Pringle's law practice to collect $1.5 million in taxes that Pringle owed for the years 1998 to 2006. As of the date of the Indictment, it is further alleged that Pringle's law practice had made approximately three payments of about $6,866 pursuant to the levies. Doc. No. 1, at 3. The Indictment alleges a number of affirmative acts beginning from at least in or about January 2002 and continuing through January 26, 2011. *Id.* at 4-9.

Pringle, through his counsel, now asks the Court to dismiss the Indictment because it fails to identify what tax years relate to each alleged act of evasion. Doc. No. 21, at 12. He further contends that alleging evasions of payment of taxes for several tax years is duplicitous[1] and raises statute of limitations concerns. *Id.* at 15-16. In the alternative, he asks that the Court require the United States to provide a bill of particulars. *Id.* at 17.

In its response, counsel for the United States argues that the Indictment properly alleges that Pringle "engaged in a continuing course of conduct to willfully defeat and evade the payment of . . . taxes by the following affirmative acts:

- Purchasing assets in the names of corporate nominees;

- Hiding assets in nominee accounts;

- Submitting multiple fraudulent offers in compromise which stayed IRS collection efforts;

- Omitting and lying about assets on his sworn collection information statements;

- Making false statements to revenue officers about his assets;

- Intentionally evading levies to collect his tax deficiencies."

Doc. No. 23, at 2-3. The United States submits that the discovery it has produced adequately informed Pringle of the nature of the charge against him and provides sufficient detail to allow him to prepare a defense. *Id.* at 3-4.

---

[1] Duplicity is the joining of two or more distinct and separate offenses in a single count. *United States v. Shorter*, 809 F.2d 54, 56 (D.C. Cir. 1987), *abrogated in other respects by Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

## II. ANALYSIS.

### A. *The Indictment is Not Defective*.

To be valid, an indictment must contain the elements of the offense and sufficiently apprise the defendant of the nature of the accusation against him. It must contain a statement of facts and circumstances supporting the charged crime and enable the defendant to enter a plea that will bar future prosecutions for the same offense. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003).

The elements of tax evasion in violation of § 7201 are (1) wilfulness; (2) the existence of an unpaid assessment or tax otherwise due and owing[2]; and, (3) an affirmative act constituting evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 350 (1965). An individual can violate § 7201 either by evading the assessment of taxes or the payment of taxes. *United States v. Hunerlach*, 197 F.3d 1059, 1065 (11th Cir. 1999). The Indictment alleges that from at least January 2002 and continuing through on or about July 26, 2011, Pringle willfully attempted to evade and defeat the payment of substantial income tax due and owing by him for the tax years 2002 through 2010 through the commission of nineteen specifically delineated affirmative acts. Thus, the Indictment alleges each element of a violation of § 7201.

The Indictment is neither duplicitous nor unduly vague for failure to link each affirmative act to a specific tax year. In *Shorter*, the United States Court of Appeals for the District of Columbia Circuit stated that "tax evasion covering several years may be charged in a single count as a course of conduct in circumstances . . . where the underlying basis of the indictment is an

---

[2] An assessment and notice of a tax deficiency are not elements of tax evasion and need not be alleged in an indictment. *United States v. Ware*, 292 F. App'x 845, 849 (11th Cir. 2008) (unpublished decision cited as persuasive authority). Similarly, an indictment need not allege the specific amount of taxes that are due and owing. An allegation that a defendant owed a substantial tax is sufficient. *United States v. Stierhoff,* 500 F. Supp. 2d 55, 61-62 (D.R.I. 2007), *aff'd* 549 F.3d 19 (1st Cir. 2008).

allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years." 809 F.2d at 56. The present Indictment alleges that Pringle engaged in a long-term pattern of conduct to evade payment of taxes through the use of corporate nominees (C.W.P.R.D.T and Baesel View Leasing Corp. ("BVL")), failure to disclose assets and submission of false statements to the IRS, and use of accounts in the name of nominees (Y.P., Pringle Family Trust, and WB Pringle III Esquire PA). Under the continuing-course-of-conduct theory, each affirmative act was intended to evade payment of all taxes owed. *Id.* at 57. Therefore, there is no requirement that the United States link each affirmative act to an attempt to evade payment of taxes for a particular tax year. *Accord United States v. Root*, 585 F.3d 145, 154 (3d Cir. 2009).[3]

   B.   *The Indictment is Not Barred by the Statute of Limitations*.

The statute of limitations for tax evasion is six years. 26 U.S.C. § 6531. The statute of limitations for willful evasion of payment begins to run from the last affirmative act of evasion. *Hunerlach*, 197 F.3d at 1065.

Counsel for Pringle correctly argues that for the Indictment to timely fall within the applicable statute of limitations, the United States must show that Pringle committed an affirmative act of evasion after June 14, 2011. The Indictment alleges one affirmative act after that date:

> (19) On or about July 26, 2011, PRINGLE submitted an Offer in Compromise and a false Collection Information Statement to the IRS in which he failed to disclose several assets, including: (i) Regions Bank account ending in # 4596 in the name of Y.P.; (ii) Regions Bank account ending in # 8484 in the name of Y.P.; (iii) MasterCard account ending in # 3543 titled as William B. Pringle III/BVL c/o William B. Pringle III; (iv) MasterCard ending in # 0333 titled as Y.P./BVL c/o Y.P; and (v) a 2006 Mercedes-Benz.

---

[3] Pringle argues that the sixteenth affirmative act alleges an affirmative act intended to evade the levies that related to tax years that are not alleged in the Indictment. Doc. No. 21, at 12-13. As his counsel argues, however, a prior act may suffice to prove evasiveness in particular circumstances. Doc. No. 21, at 7. In any event, the Indictment is clear that it alleges violation of § 7201 only as to tax years 2002 to 2010.

Doc. No. 1, at 9. If the United States cannot establish at trial that the nineteenth affirmative act occurred and that it was part of Pringle's alleged continuing efforts to evade payment of taxes due and owing, then the Court may find that dismissal of the charge based on the statute of limitations defense is warranted. However, based on the well-pleaded allegations of the Indictment, dismissal on statute of limitations grounds is not appropriate at this time.

      *C.      A Bill of Particulars is Not Required.*

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). A district court's denial of a bill of particulars will be reversed only if the defendant was actually surprised at trial and thereby incurred prejudice to his substantial rights. *Id.*

In the Indictment and the response to the present motion, the United States describes with particularity its theory of prosecution: that is, that Pringle engaged in a continuous course of conduct to evade payment of taxes for multiple years by concealing his assets and his ability to pay taxes and by taking multiple steps to stall the IRS's collection efforts through submission of false statements to the IRS. The Indictment sets forth Pringle's affirmative acts of evasion, and the United States represents that it has provided voluminous discovery of evidence supporting the charge. There is no basis to conclude that the allegations of the Indictment, the United States' recitation of its theory of prosecution, and the discovery produced are insufficient to allow Pringle to prepare his defense, minimize surprise at trial and plead double jeopardy in the event of a subsequent prosecution for evasion of taxes owed for tax years 2002 through 2010. Therefore, the request for a bill of particulars is also not well taken.

### III. RECOMMENDATION.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant William B. Pringle's Motion To Dismiss Indictment, Or, In The Alternative, For A Bill Of Particulars (Doc. No. 21).

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on August 30, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy