UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 6:17-cr-137-Orl-37KRS

WILLIAM B. PRINGLE, III.

_____

**ORDER**

In the instant motion, Defendant moves for dismissal of the Indictment, or in the alternative, a Bill of Particulars. (Doc. 21 ("**Motion**").) The United States opposed. (Doc. 23.) On referral, U.S. Magistrate Judge Karla R. Spaulding issued a Report and Recommendation that the Court deny the Motion. (Doc. 26 ("**R&R**").) Defendant then objected to the R&R (Doc. 28 ("**Objections**")), to which the United States responded (Doc. 34 ("**Response**")).

Upon consideration, the Court finds that Defendant's Objections are due to be overruled, Magistrate Judge Spaulding's R&R is due to be adopted, and Defendant's Motion is due to be denied.

## I.   BACKGROUND

On June 14, 2017, the grand jury returned a one-count indictment charging Defendant William B. Pringle III ("**Pringle**") with tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. (Doc. 1 ("**Indictment**").) Specifically, the Indictment alleges that Pringle "willfully attempted to evade and defeat the payment of substantial

income tax due and owing by him to the United States of America for the years 2002 to 2010, by committing the [nineteen listed] affirmative acts, among others." (*Id.* at 4–9.) To summarize, the nineteen affirmative acts alleged range from: (1) purchasing assets under the names of corporate nominees; (2) hiding assets in nominee accounts; (3) submitting false Offers in Compromise and false Collection Information Statements; (4) making false statements to Internal Revenue Service ("**IRS**") officers; and (5) intentionally evading IRS levies. (*Id.*)

Pringle then moved to dismiss the Indictment, claiming it defective for: (1) vagueness; (2) failing to state essential elements of the offense; (3) statute of limitations issues; and (4) duplicity concerns. (Doc. 21, pp. 12–16.) He sought dismissal, or alternatively a bill of particulars. (*Id.* at 17.) The United States opposed the Motion, contending that: (1) the indictment constitutionally suffices given the nature of the continuous scheme alleged; and (2) when combined with already produced discovery, Pringle is adequately informed of the nature of his offense, so a bill of particulars is unwarranted. (Doc. 23, pp. 4–9 ("**MTD Response**").)

On referral, Magistrate Judge Spaulding agreed with the United States and recommends denying the Motion. (Doc. 26.) She concluded that: (1) the Indictment is sufficient because it alleges each element of the charged offense without being duplicitous or unduly vague; (2) the Indictment presents no ripe statute of limitations issue; and (3) no bill of particulars is necessary given the Indictment and subsequent discovery. (*Id.* at 3–5.) The matter is now ripe for the Court's consideration. (*See* Docs. 28,

34.)

## II. LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

Pringle raises three objections to the R&R, echoing arguments he raised in his Motion.[1] (Doc. 28.) First, he objects to one sentence of Magistrate Judge Spaulding's summary of the United States' argument in opposition to the Motion. (*Id.* at 1–2.) Second, he challenges Magistrate Judge Spaulding's application of the continuing-course-of-conduct theory to find the Indictment not unduly vague, insufficient, or duplicitous. (*Id.* at 2–4.) Third, he finds faulty Magistrate Judge Spaulding's conclusion that a bill of

---

[1] Pringle's Objection ditches his statute of limitations argument from his Motion, which centered on the fact that the Indictment only included one affirmative act within six years prior to its issuance. (Doc. 21, p. 15.) Rightly so, because so long as an indictment alleges an affirmative act of tax evasion "within the six years immediately preceding the indictment," it can include acts from before that time. *See United States v. Hunerlach*, 197 F.3d 1059, 1065 (11th Cir. 1999). Thus, the statute of limitations does not immediately foreclose this action. Magistrate Judge Spaulding reached the same conclusion. (Doc. 26, pp. 6–7.)

particulars is not required, insisting that he still cannot adequately understand the offense, present his defense properly, and be protected against double jeopardy—despite the Indictment, subsequent discovery, and MTD Response. (*Id.* at 4.) Upon de novo review, the Court agrees with Magistrate Judge Spaulding's findings and conclusions in the R&R.

As an initial matter, the Court finds that Pringle's first objection is easily discarded. Pringle attacks the R&R's background section, in which Magistrate Judge Spaulding distilled the United States' position in its Response. (*See id.* at 2 (citing Doc. 28, p. 2).) This recap is neither a proposed factual or legal finding upon which Magistrate Judge Spaulding or this Court bases its conclusion. (*See* Doc. 23, pp. 3–4). Hence the Court sees no issue here. Instead, the substance of Pringle's first objection—that discovery has inadequately informed him of his offense before trial—is better directed to his third objection challenging Magistrate Judge Spaulding's legal conclusion concerning discovery. On its own, Pringle's first objection warrants no further discussion.

### A. Motion to Dismiss the Indictment

Pringle's second objection concerns the sufficiency of the Indictment. In short, he reckons that the Indictment fails to adequately establish the elements of tax evasion—specifically the tax years covered. (Doc. 28, p. 2.) Pringle's concern is that some of the affirmative acts in the Indictment, beyond relating to already charged tax years, also relate to tax years outside the period of the charged offense. (*Id.*) According to Pringle, this overlap leads to: (1) undue vagueness, which requires him to speculate about the

charge; and (2) duplicitous concerns because it could expose him to tax liability down the road and fails to provide adequate notice for preparation's sake. (*Id.* at 2–3.) The cure, Pringle proposes, is ordering the United States to link his affirmative acts to the specific tax periods charged in the Indictment. (*Id.*)

1. **Undue vagueness**

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." A count in an indictment may allege that a defendant committed the charged offense by one or more specified means. Fed. R. Crim. P. 7(c)(1). In addition, an indictment must "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.* "The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet . . . ." *Reno v. United States*, 317 F.2d 499, 504 (5th Cir. 1963).[2] "The sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004). "Practical, rather than technical, considerations govern the validity of an indictment." *United States v. Pena*, 684 F.3d 1137, 1147–48 (11th Cir. 2012).

Here, the Indictment charges Pringle with tax evasion under § 7201. The elements

---

[2] Decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of this offense are: (1) willfulness; (2) an additional tax due and owing; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Kaiser*, 893 F.2d 1300, 1305 (11th Cir. 1990).[3] Accordingly, the Indictment alleged that Pringle "willfully attempted to evade and defeat the payment of substantial income tax due and owing by him to the United States for the years 2002 to 2010, by committing [nineteen] affirmative acts, among others." (Doc. 1, p. 4.) Pringle's objection centers on the second element—the tax due and owing.

On review, the Court finds the Indictment is constitutionally sufficient. *See Hayes v. United States*, 407 F.2d 189, 192 (5th Cir. 1969) (finding sufficient an indictment alleging defendant did "[w]illfully and knowingly attempt to evade and defeat income tax due by filing with the district director a false and fraudulent income tax return in violation of section 7201"). Pringle's concern that he is not sufficiently apprised of which tax years the offense includes is therefore unfounded. The Indictment specifically lists the time period of taxes due and owed for which he is charged—2002 to 2010. (Doc. 1, p. 4.) The Indictment also includes a chart specifying the amounts due and owed and the corresponding tax year. (*Id.* at 3.) And the Indictment chronologically lists nineteen affirmative acts detailing how Pringle allegedly evaded paying taxes. (*Id.* at 4–9.)

---

[3] Pringle purports that the United States must also prove that the IRS filed a tax assessment as an element of a § 7201 evasion of payment offense. (Doc. 28, p. 2) (citing *United States v. England*, 347 F.2d 425, 428–31 (7th Cir. 1965)). Not so. As both Magistrate Judge Spaulding and the United States pointed out, there is no such requirement. *See United States v. Ware*, 292 F. App'x 845, 849 (11th Cir. 2008) (unpublished); (Doc. 26, p. 3 n. 3; Doc. 34, p. 6).

Taken together, the Indictment alleges a scheme of tax evasion commencing in 2002 until 2010 to evade paying taxes due and owed at the time of each affirmative act. For such a payment offense, courts have recognized the permissibility, and particular appropriateness, of combining multiple years of tax due and owing in one count. *See United States v. Root*, 585 F.3d 145, 152 (3d Cir. 2009); *accord United States v. Hunerlach*, 197 F.3d 1059, 1065 (11th Cir. 1999) (recognizing that a willful evasion of payment charge can include multiple affirmative acts over a span of years). That is because this crime "often involves single acts which are intended to evade the payment of several years of tax due to the government." *Root*, 585 F.3d at 152 (citation omitted). So a single-count indictment for tax evasion naturally encompasses the tax years tied to each affirmative act of evasion detailed. Therefore, by listing each affirmative act and its date, the Indictment provides sufficient notice to Pringle of the "tax due and owing." *See Sansone*, 380 U.S. at 351. As such, Pringle's objection to the Indictment as unduly vague is overruled.[4]

2. **Duplicity**

Pringle's objection on duplicitous grounds fares no better. He refreshes his concern about the Indictment potentially including uncharged years, insisting that this "operates to endlessly expose [him] to the same offense."[5] (Doc. 28, p. 3.)

---

[4] The United States points out in its Response that this objection relates to Offers in Compromise that Pringle himself filed with the IRS related to his own tax liability. (Doc. 34, p. 9 n.2.) To then assert that he does not know which tax years are due and owed is utterly implausible.

[5] Pringle attempts to bolster the validity of this objection by pointing to the United States' discovery, which included evidence of his "nonpayment of taxes for tax years 1996, and 1998–2001." But discovery is irrelevant when reviewing a motion to dismiss the

"A count in an indictment is duplicitous if it charges two or more separate and distinct offenses." *United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009) (citation and quotation marks omitted). Duplicity poses three dangers: "(1) [a] jury may convict a defendant without unanimously agreeing on the same offense; (2) [a] defendant may be prejudiced in a subsequent double jeopardy defense; and (3) [a] court may have difficulty determining the admissibility of evidence." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (citation omitted).

For tax evasion cases, courts have not found duplicity concerns when the indictment combines affirmative acts spanning multiple tax years to demonstrate "an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years." *United States v. Shorter*, 809 F.2d 54, 56 (D.C. Cir. 1987), *abrogated on other grounds by Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). This is exactly the case here, where the Indictment charges Pringle with tax evasion by committing affirmative acts from 2002 to 2010 to avoid paying all taxes owed during that period. As such, the Indictment is not duplicitous. Indeed, it sufficiently apprises Pringle.

B. **Motion for a Bill of Particulars**

Lastly, Pringle objects to the denial of a bill of particulars. (Doc. 28, p. 4.) He opines that neither the Indictment nor produced discovery nor the Response is sufficient to allow him to understand the charge, mount his defense, and protect him against double jeopardy. (*Id.*) He therefore requests a bill of particulars. (*Id.*) This argument has neither

---

Indictment. *See Salman*, 378 F.3d at 1268.

weight nor wings.

Federal Rule of Criminal Procedure 7(f) enables a court to direct the United States to file a bill of particulars. A bill of particulars is used to provide a defendant with sufficient details of the crime so as to: (1) allow for the preparation of an adequate defense; (2) minimize surprise at trial; and (3) enable him to plead double jeopardy in the event of a later prosecution for the same offense. *See United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). District courts are afforded broad discretion in ruling on a request for a bill of particulars. *Will v. United States*, 389 U.S. 90, 98–99 (1967). Critically, a defendant is not "entitled to a bill of particulars with respect to information which is already available through other sources . . . ." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986); *see also United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990).

As detailed above, the Indictment is constitutionally sufficient. More than that, it abundantly details the alleged scheme from 2002 to 2010, providing Pringle ample information about his charge, to prepare his defense, and sufficiently protect against double jeopardy. Enough about the Indictment.

As to discovery, the United States disclosed its production to date. (Doc. 34, p. 3.) This includes Pringle's tax returns, payments, IRS liens and levies, copies of Offers in Compromise and collection information statements, bank account records. (*Id.*) Amidst these more than 4400 pages of discovery, the Court is hard-pressed to conclude that Pringle lacks information about his charge and is unable to prepare an adequate defense.

Finally, the United States has detailed its theory of prosecution and defined

Pringle's charge in its responses. (*See* Docs. 23, 34.) It again identified Pringle's affirmative acts from 2002 to 2010, showing a continuous scheme to evade paying taxes. (*Id.*) In light of this in particular, it is hard to imagine what additional information a bill of particulars could provide to satisfy Pringle. Certainly the United States has fulfilled its obligation to inform him of the charge, minimize surprise at trial, and contain its charge to avert double jeopardy should future prosecution occur. Like Magistrate Judge Spaulding, therefore, the Court concludes that a bill of particulars serves no purpose here.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 26) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Defendant William B. Pringle III's Objections to Report and Recommendation of Magistrate Judge (Doc. 28) are **OVERRULED**.

3. Defendant William B. Pringle's Motion to Dismiss Indictment, or, in the Alternative, for a Bill of Particulars (Doc. 21) is **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 28, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record