UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 6:17-cr-137-Orl-37KRS

WILLIAM B. PRINGLE, III.
_____

# ORDER

Before the Court is the United States' Motion in Limine to Admit Evidence of Defendant's Prior Tax Liabilities. (Doc. 42 ("**Motion**").) Defendant opposed. (Doc. 43.) The Court orally granted the Motion on October 30, 2017, at Defendant's trial. (Doc. 45.) This Order memorializes the Court's ruling and briefly summarizes its reasoning.

## I.  PROCEDURAL HISTORY

On June 14, 2017, a federal grand jury returned an Indictment charging Defendant with tax evasion under 26 U.S.C. § 7201. (Doc. 1.) The Indictment alleges that from January 2002 to July 26, 2011, Defendant "willfully attempted to evade and defeat the payment of substantial income tax due and owing . . . for the years 2002 to 2010 by committing [nineteen] affirmative acts, among others." (*Id.* ¶ 8.) Defendant pleaded not guilty (Doc. 6), and the case was set for trial commencing October 30, 2017 (Doc. 33).

On October 20, 2017, the Government filed the Motion seeking to admit evidence of: (1) Defendant's tax liabilities for the calendar years 1993–1996 and 1998–2001; and (2) the IRS's efforts to collect these taxes. (Doc. 42 (collectively, the "**Evidence**").) The Government argued that the Evidence is admissible: (1) as relevant, intrinsic evidence

("**Intrinsic Evidence Argument**"); or, alternatively, (2) as "other acts," extrinsic evidence under Rule 404(b) ("**404(b) Argument**"). (*See id.*) Defendant opposed these arguments and argued that the Government's notice and production of the Evidence violated Rule 404(b), the Court's Criminal Scheduling Order (Doc. 7 ("**CSO**")) and Federal Rule of Criminal Procedure 16 ("**Notice Argument**"). (*See* Doc. 43.)

## II.  LEGAL STANDARDS

### A.  Relevance

Generally, relevant evidence is admissible unless it falls under an exclusion rule. Fed. R. Evid. 402. "Relevant" means having any tendency to make the existence of any fact that is of consequence in the proceeding more or less probable. Fed. R. Evid. 401. But relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

For a criminal defendant, unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "While it is true that all evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to the defendant, . . . that does not mean that such evidence should be excluded." *United States v. Norton*, 867 F.2d 1354, 1362 (11th Cir. 1989) (internal citation and alterations omitted). Applying Rule 403, courts must therefore: (1) balance the evidence's probative value against its potential for undue prejudice, keeping in mind the factual and legal context; and (2) exclude it only if its probative value is

substantially outweighed by the danger it poses. *See Old Chief*, 519 U.S. 181–84.

**B.     Intrinsic Evidence**

One type of admissible relevant evidence is "intrinsic" evidence. *See United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013). Intrinsic evidence is evidence of a defendant's prior bad acts, committed outside the period charged in the offense, that is "inextricably intertwined with the evidence regarding the charged offense." *See United States v. Maclean*, 227 F. App'x 844, 851 (11th Cir. 2007).[1] Because of its close relationship with the charged offense, intrinsic evidence may be admissible as "an essential part of the chain of events" leading to the charged crime. *See United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992). In evaluating whether evidence is intrinsic, courts consider whether it: (1) "is linked in time and circumstances with the charged crime; (2) "forms an integral and natural part of an account of the crime"; or (3) "is necessary to complete the story of the crime for the jury." *See Maclean*, 227 F. App'x at 852 (internal quotation marks and citations omitted). But even if it qualifies as intrinsic, the evidence is still subject to Rule 403's balancing test. *See United States v. Larios-Trujillo*, 403 F. App'x 442, 444 (11th Cir. 2010).

**C.     Rule 404(b) Evidence**

Beyond intrinsic evidence, Rule 404 governs the admissibility of a defendant's prior bad acts or other crimes. If Rule 404 applies, the evidence is considered extrinsic to

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

the charged offense and it is generally inadmissible when offered to prove a defendant's character or action in conformity therewith. *See* Fed. R. Evid. 404(b)(1). But this kind of evidence may be admissible if offered to prove something else, such as the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed R. Evid. 404(b)(2). If the Government offers such evidence for one of these purposes, then it is admissible under Rule 404(b) if: (1) it is relevant for one of these alternative purposes; (2) there is sufficient proof to show that the defendant committed the prior act; and (3) the government meets Rule 403. *See Maclean*, 227 F. App'x at 851–52 (internal citation omitted).

Beyond these requirements, the Government must also notify the defendant in advance when it intends to offer 404(b) evidence at trial. Fed. R. Evid. 404(b)(2)(A)–(B); *see United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994). This is so "to reduce surprise and promote early resolution on the issue of admissibility." *Id.* When analyzing "the reasonableness of pretrial notice," a court considers: "(1) when the [Government] could have learned of the availability of the evidence; (2) the extent of the prejudice to the [defendant] due to a lack of time to prepare to meet the evidence; and (3) how significant the evidence is to the [Government's] case." *Id.* at 1562.

### III.   ANALYSIS

#### A.   Intrinsic Evidence Argument

First, the Government asserts that the Evidence is admissible as relevant, intrinsic evidence under Rules 401 and 402. (*See* Doc. 42.) It claims that the Evidence: (1) arises out the same transaction or series of transactions as the charged offense; (2) is necessary to

complete the story of the crime; (3) is inextricably intertwined with the charged offense; and (4) is "part of the chain of events explaining the context, motive, and set-up" of the charged offense. (*Id.* at 11.) The Court agrees.

Defendant is charged with devising a scheme to evade paying the taxes he owed from 2002 to 2010, but his taxes due include taxes owed from 1993–96 and 1998–2001. (Doc. 42, pp. 10–11.) This Evidence is relevant under Rule 401 because Defendant's tax liabilities before the charged period tend to show that Defendant would be more likely to commit tax evasion—one cannot evade taxes that are not owed. Second, the Evidence is intrinsic to the charged offense, as it arises out of the same transaction or occurrence as the charged offense and is linked in time and circumstance with it; indeed, the Evidence serves as one of the bases for the charge. *See Maclean*, 227 F. App'x at 852. Furthermore, evidence of Defendant's early tax liabilities and run-ins with the IRS may help the jury complete the story of how he allegedly devised the evasion scheme charged. *See id.* Hence the Evidence is intrinsic. *See id.*

The admissibility inquiry is not over, however, as intrinsic evidence is still subject to Rule 403 balancing. *See Larios-Trujillo*, 403 F. App'x at 444. Defendant contends that admitting the Evidence as intrinsic runs afoul of Rule 403 on all grounds. (*See* Doc. 43, p. 8.) The Court is not persuaded. The Evidence is highly probative of how Defendant first encountered the IRS and its offer in compromise program, which speaks to Defendant's ability to conceptualize a scheme of tax evasion. Its admission would be a value-add and it does not implicate any of the Rule 403 concerns. Indeed, the Evidence is helpful, not harmful, to understand the charged offense. *See, e.g.*, *United States v. Dixon*,

698 F.2d 445, 446–47 (11th Cir. 1983) (upholding the admission of intrinsic evidence of the defendant's tax liability outside the charged period). With no Rule 403 issues, therefore, the Evidence is admissible as intrinsic.

### B.    Rule 404(b) Argument

Although a finding that the Evidence is admissible as intrinsic is dispositive, the Court addresses the Government's alternative Rule 404(b) Argument. Under Rule 404(b), the Government contends that the Evidence is admissible as "other acts," extrinsic evidence that goes to Defendant's "intent, motive, plan, and preparation to evade the taxes due for 2002 to 2010." (Doc. 42, p. 12.) This alternative argument also supports admission of the Evidence. The fact that Defendant owed taxes to the IRS before the charged period, and that the IRS had commenced proceedings against him, speaks to his intent and motive to devise the alleged scheme. *See* Rule 404(b). If Defendant did not owe taxes that the IRS sought to collect, he would have no reason to commit the charged offense. *See United States v. Aguirre*, 368 F. App'x 979, 989–90 (11th Cir. 2010) (finding "other acts" evidence that defendant concealed his income admissible under Rule 404(b) to show defendant's motive for failure to file tax returns).

Because the Evidence is relevant for one of the listed alternative purposes, it meets the first prong of the U.S. Court of Appeals for the Eleventh Circuit's three-part Rule 404(b) test. *See Maclean*, F. App'x at 851–52. The second prong is not at issue here, as neither party suggested that Defendant did not commit these "other acts." (*See* Docs. 42–43.) *See also Maclean*, F. App'x at 851–52. And the third prong again requires Rule 403 balancing, which begs the same outcome as above. Hence the Court accepts the Rule

404(b) Argument.[2]

### C. Notice Argument

The only piece left to consider is whether the Government provided reasonable notice of its intent to offer the Evidence as required by Rule 404(b). *See Perez-Tosta*, 36 F.3d at 1561. The Government notified the Defendant via letter on June 27, 2017, that it "intend[ed] to offer evidence of [Defendant's] failure to pay his outstanding federal taxes from 1998 to 2001" as either intrinsic evidence or under Rule 404(b) to show Defendant's "knowledge, plan, preparation, willfulness, and intent to commit the crime charged." (*See* Doc. 43, p. 2 ("**Notice**").) Accompanying the Notice was a tranche of discovery, which apparently did not include evidence of "other acts" under Rule 404(b). (*Id.*) Defendant contends that the Government did not produce such evidence until October 11, 2017. (*Id.*) Because of this tardy production—which Defendant claims upsets not only Rule 404(b), but also the CSO and Federal Rule of Criminal Procedure 16—Defendant asks the Court to deny the Motion. (*See id.* at 10–11.)

At the commencement of trial, the Court inquired about the Government's tardy production. (*See* Doc. 45.) The Government responded that it did not learn about the evidence until September 30, 2017, and produced it when available in compliance with the CSO. (*Id.*) The Court then asked Defendant to articulate how this production was prejudicial, and he argued that his trial preparation was prejudiced. (*Id.*)

---

[2] As announced, if requested, the Court will issue a limiting instruction about the purpose for which the jury may consider the Evidence. (*See* Doc. 45.) *See also United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011) (citing *United States v. Spoerke*, 568 F.3d 1236, 1251 (11th Cir. 2009)).

Despite Defendant's argument, the Court is not convinced. Given the context of the charge, Defendant's history of involvement with the IRS, the Government's initial notice, and the fact that the Evidence involves Defendant's prior dealings with the IRS, the admission of the Evidence will not cause Defendant to suffer undue prejudice. Thus the Government's tardy production does not prevent the admission of the Evidence under Rule 404(b).

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Motion in Limine to Admit Evidence of Defendant's Prior Tax Liabilities (Doc. 42) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 2, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record